CALLISTER NEBEKER & McCULLOUGH
MARK B. HOLLIDAY (11839)
JEFFREY L. SHIELDS (2947)
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

AMY REILLY SALLUSTI (24013388)
GEARY, PORTER & DONOVAN, P.C.
One Bent Tree Tower
16475 Dallas Parkway, Suite 400
Addison, TX 75001-6837
Telephone: (972) 931-9901
Facsimile: (972) 931-9208

Attorneys for Icon Health &
Fitness, Inc. And Icon IP. Inc

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: | Bankruptcy No. 08-31790 |
| KEYS FITNESS PRODUCTS, LP: KEYS BACKYARD, LP, | Chapter 11 |
| Debtor. | Case No. 08-31790-HDH-11<br>Case No. 08-30914-HDH-11<br><br>Jointly Administered Under<br>Case No. 08-31790-HDH-11 |

### ICON'S OBJECTION TO CONFIRMATION OF DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION

Creditor Icon Health & Fitness, Inc. and Icon IP, Inc. ("Icon") hereby objects to

Confirmation of Debtors' Amended Joint Plan of Reorganization (the "Plan") and requests that

510058.1

the Court deny confirmation of the Plan. The bases for Icon's objections set forth and detailed herein as follows:

1. The proponents of the Plan have failed to disclose the identity and affiliations of individuals proposed to serve, after confirmation, as a director or officer of the debtor as required by 11 U.S.C. § 1129(a)(5)(A)(I). Further, the Debtors have not established that having certain individuals serve as directors or officers is consistent with the interests of creditors and public policy as required by 11 U.S.C. § 1129(a)(5)(A)(ii).

    A. At paragraph 6.03 of the Plan, Debtors state that the officers of Reorganized Fitness will be "Miguel Nistal, as President and Chief Executive Officer, and any other persons identified by the Debtors prior to the Confirmation Hearing. Paragraph 6.03 provides that directors "shall be Steven C. Jaffe, Miguel Nistal, and Charles W. Moore or such other designee that JP Acquisition may identify in a schedule filed not later than ten (10) days prior to the Confirmation Hearing."

    B. The information provided in the Plan and Debtors' Amended Disclosure Statement (the "Disclosure Statement") is inadequate to satisfy the requirements of 11 U.S.C. § 1129(a)(5)(A). Creditors are entitled to know the identity and affiliations of all persons who will serve in crucial positions with the reorganized debtor. Providing that information "prior to the Confirmation Hearing" does not allow creditors an opportunity to investigate and evaluate the proposed officers and directors. Much of creditors' recovery in this case will be based on how successfully the reorganized debtor can conduct its business. For these reasons, it is imperative for creditors to have adequate information as to the qualifications and possible affiliations of potential officers and directors.

510058.1

2.  Section 1129(a)(5)(B) of the Bankruptcy Code requires that the proponent of the plan disclose the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider. There is no mention in the Plan of employment or retention of an insider by Reorganized Fitness. However, in a pleading entitled Motion to Assume Agreement with Tim Chen, dated August 20, 2008, the Debtors seek approval to assume an Agreement dated as of December 21, 2007, among Tim W. Chen ("Chen"), the Debtors and entities related to Debtors, and JP KFP Acquisition, LLC ("JP Acquisition") (the "Agreement").

> A.  Pursuant to the terms of the Agreement, Chen's employment agreement with the Debtors is terminated, but he will cooperate with the Debtors, until January 4, 2009, to promote the Debtors' business and preserve their relationships with vendors, manufacturers, suppliers, other service providers and any other person doing business with the Debtors. See, Section 8 of the Agreement. Further, pursuant to paragraph 3 of the Agreement, the Debtors agree to provide compensation to Chen as follows:
>
>> i.  Business related credit card charges incurred by Chen;
>>
>> ii.  50% of Chen's base salary through January 4, 2009; and
>>
>> iii.  Health insurance coverage for Chen and his wife through January 4, 2009.
>
> B.  Neither the Agreement nor the Motion state a specific dollar amount as to the value of the compensation that is proposed to be paid to Chen. Creditors have no information upon which to base a decision regarding the possible benefit or

510058.1

detriment which may be occasioned by the Debtors' assumption of this Agreement.

C. In addition, Icon has grave concerns about the propriety of Chen's continued association with the Debtors and Reorganized Fitness. The Debtors' Disclosure Statement, at Section VII. B, describes in general terms the potential claims of the Debtors against insiders for mismanagement and breach of fiduciary duties. Since Chen and his spouse are the ultimate insiders. The Agreement is dated December 21, 2007. The Debtors and JP Acquisition have had ample time to make a determination regarding the prospective benefits of the Agreement for purposes of assumption or rejection. They waited until August 20, 2008 to provide Creditors with a copy of the Agreement. This agreement also fails to state the dollar amount of the Debtors' obligation.

3. Icon objects to Section 8.05(b) of the Plan, which provides that on the Effective Date each Holder of a Claim shall "be deemed to have forever released, waived and discharged JP Acquisition, its affiliates, officers, directors, employees, agents and advisors from all claims, demand, debts, rights, causes of actions or liabilities. . ." (*See* Plan §8.05(b) at 23.) Icon does not consent to such a release and discharge of JP Acquisition, or of any of its affiliates, officers, directors, employees, agents, or advisors. Furthermore, this provision prevents Icon from enforcing its intellectual property rights against the reorganized Debtor, which it would be able to do pursuant to federal law but for the provisions in the Plan. This provision along with other provisions in the Plan deprives Icon of its ability to enforce any rights it may have under the Plan, which are few. Therefore, the Plan should not be confirmed.

510058.1

    4.    Icon objects to Section 8.06 of the Plan, because it enjoins creditors from taking any action against JP Acquisition or any of its affiliates, officers, directors, employees, agents, and advisors. Because the Debtors will transfer all assets to JP Acquisition on the Effective Date.

    5.    Icon objects to Section 8.07 of the Plan, which exculpates non-Debtor parties, specifically JP Acquisition, its affiliates, officers, directors, employees, agents, and advisors, from any liability for any act or omission in connection with or arising out of the consummation of the Plan. Only acts or omissions of willful misconduct or gross negligence are excepted from this provision. Icon objects on the basis this provision is prospective in nature, is unlimited in time, and is overreaching. Therefore, the Plan Should not be confirmed.

    6.    With respect to Icon's foregoing objection to Sections 8.05(b), 8.06, and 8.07 of the Plan to the extent they apply to JP Acquisition and its affiliates, officers, directors, employees, agents, and advisors, Icon further objects that these nondebtor releases violate 11 U.S.C. Section 524(e). Such provisions are prohibited. *In re Zale Corp.,* 62 F.3d 746, 761 (5th Cir. 1995); *In re Bernard Steiner Pianos USA, Inc.,* 292 B.R. 109, 116 (Bankr. N.D. Tex. 2002); and *In re Wool Growers Central Storage Company,* 371 B.R. 768, 776 (Bankr. N.D. Tex. 2007). Therefore, the Plan should not be confirmed.

    7.    Icon objects to confirmation of the Plan because it does not provide for a disputed claims reserve. In light of other provisions in the Plan that Icon finds objectionable, discussed herein, Icon is entitled to protection of its right to payment in the event of an objection to its Claims or the assertion that its claims are "Contested."

    8.    Icon objects to the Debtors' definition of "Contested" in section 1.16 (a), (b) and (d) of the Plan. Section 1.16 (a), (b) and (d) defines "Contested" as:

510058.1

> with respect to a Claim, means a Claim against a Debtor (a) that is listed in the Debtor's Schedules as disputed, contingent, or unliquidated; (b) that is listed in the Debtor's Schedules as undisputed, liquidated and not contingent and as to which a proof of Claim has been filed with the Bankruptcy Court, to the extent the proof of Claim amount exceeds the Scheduled amount; . . . or (d) as to which an objection has been, or may be, timely filed and has not been overruled by a Final Order.

(*See* Plan § 1.16 (a), (b) and (d) at 3.) This provision violates Federal Rule of Bankruptcy Procedure 3003(c)(4) which provides that a proof of claim filed in accordance with the rule supersedes any scheduling of that claim pursuant to 11 U.S.C. § 521(1). This provision also violates Federal Rule of Bankruptcy Procedure 3001(f), which provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f) (LEXIS current through changes received August 12, 2008). Finally, this provision is objectionable because it renders all claims "contested" by including claims to which an objection "may be timely Filed and which claim has not been allowed or disallowed by Final Order." (*See* Plan §2.19 at 4.)

9. The Amended Chapter 11 Plan is not feasible and as a result does not satisfy 11 U.S.C. § 1129(a)(11). Plans resulting in a subsequent liquidation are not to be confirmed. (See *11 U.S.C. § 1129(a)(11)*). Icon holds many intellectual property violation claims including patent infringement actions which accrued post petition. Other intellectual property violations, which began pre-petition, are still ongoing. The damages associated with these violations could result in rendering the reorganized debtor insolvent resulting in a liquidation. For these reasons the amended plan should not be confirmed.

10. Icon objects to Art. 8.06 of the Plan to the extent it enjoins creditors from asserting any right of setoff against obligations due to the Debtors. Pursuant to 11 U.S.C. § 553, setoff

510058.1

rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including § 1141. IRS v. Luongo (In re Luongo), 259 F.3d 323 (5th Cir. 2001); In re DeLaurentiis Entertainments Group, Inc., 963 F.2d 1269, 1277 (9th Cir. 1992); Pettibone Corp. v. United States (In re Pettibone Corp.), 161 B.R. 960, 964 (N.D. Ill. 1993); Womack v. United States (In re Womack), 188 B.R. 259 (Bankr. E.D. Ark. 1995); In re Whitaker, 173 B.R. 341 (Bankr. S.D. Ohio 1994). The Plan's prohibition against setoff does not comply with the provisions of § 553, and the Plan cannot be confirmed, pursuant to 11 U.S.C. § 1129(a)(1).

WHEREFORE, Icon requests that the Court enter an order denying confirmation of the Plan and for such other and further relief to which it may be justly entitled.

DATED: August 26, 2008

CALLISTER NEBEKER & McCULLOUGH
MARK B. HOLLIDAY

By: /s/ Mark B. Holliday
MARK B. HOLLIDAY
AMY REILLY SALLUSTI
Attorneys for
KEYS FITNESS PRODUCTS, LP: KEYS BACKYARD, LP

510058.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system or via email upon the following: Patrick J. Neligan, Jr., Neligan Foley, LLP, 325 N. St. Paul, Ste 3600, Dallas, Texas 75201, facsimile: (214) 840-5301, email: pneligan@neliganlaw.com; Eric M. Kay, Stroock & Stroock &Lavon, LLP, 180 Maiden Lane, New York, New York 10038, facsimile: (212) 806-9024, email: ekay@stroock.com; Holland Neff O'Neil, Gardere Wynne Sewell, LLP, 1601 ElmSt., Ste 3000, Dallas, TX 75201, facsimile: (214) 999-3961, email: honeil@gardere.com; Jeffrey N. Pomerantz, Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 11th Fl., Los Angeles, CA 90067, facsimile: (310) 201-0760, email: jpomerantz@pszjlaw.com; William Finkelstein, K & L gates, 1717 Main St., Ste 2800, Dallas, Texas 75201, facsimile: (214) 939-5849, email: bill.finkelstein@klgates.com and George McElrath Office of the United States Trustee, 1100 Commerce St., Rm 906, Dallas, Texas 75242, facsimile: (214) 767-8971, email: ustpregion06.da.ecf@usdoj.gov. on this 26th day of August 2008.

                                                /s/ Laura Jones

510058.1