

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**Signed September 11, 2008**　　　　　　　　　　　　　　　**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **KEYS FITNESS PRODUCTS, LP** | § | **CASE NO.  08-31790-HDH-11** |
| **KEYS BACKYARD, L.P.** | § | **CASE NO.  08-30914-HDH-11** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered Under** |
| | § | **Case No. 08-31790-HDH-11** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING
AMENDED JOINT PLAN OF REORGANIZATION, AS MODIFIED**

Came on for hearing before the Court (i) the Amended Joint Plan of Reorganization

(Docket #197) (the "Amended Plan") filed on August 1, 2008 by Keys Fitness Products, LP

("Fitness") and Keys Backyard, L.P. ("Backyard" and with Fitness, the "Debtors") and (ii) the

non-material modifications to the Plan made as of September 11, 2008 (the "Modifications") and

incorporated into the "Amended Joint Plan of Reorganization, as Modified," filed on September

11, 2008 (Docket, #271, the "Plan"), and the Court, after reviewing (a) the Debtors' Amended

Disclosure Statement With Respect to Amended Joint Plan of Reorganization (Docket #196, the

"Disclosure Statement"), (b) the Amended Plan, (c) objections to the Amended Plan (d) the

Modifications, (e) the Plan, and (f) the other pleadings and filings in this case, and after receiving

evidence and hearing arguments of counsel at the confirmation hearing on the Plan held on

September 3, 2008, makes the following findings of fact and conclusions of law:

A    Jurisdiction; Core Proceeding; Venue.  This matter is a core proceeding, over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(L) and 1334(a).  Venue of these proceedings is proper under 28 U.S.C. §§ 1408 and 1409.

B.    Judicial Notice.  Judicial notice is hereby taken of the docket of this case, including, without limitation, all pleadings, claims and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of this case.

C.    Disclosure Statement Order.  On August 1, 2008, the Court entered an Order Approving (A) Amended Disclosure Statement and (B) Motion to (I) Establish a Record Date; (II) Establish Notice and Objection Procedures for Confirmation of the Amended Joint Plan; (III) Approve Solicitation Packages and Procedures for Distribution and (IV) Approve Forms of Ballots and Procedures for Voting on the Amended Joint Plan (Docket #198) (the "Disclosure Statement Order").  Among other things, the Disclosure Statement Order approved the form of ballots for voting on the Plan ("Ballots") and a notice of non-voting status ("Non-Voting Notice") for certain holders of Claims[1] and Interests, and established certain procedures for soliciting votes with respect to the Plan, including setting a deadline of August 22, 2008 for filing motions to estimate Claims for voting purposes.

D.    Solicitation.  On August 1, 2008, the Debtors transmitted the Disclosure Statement, the Amended Plan, the Ballots or Non-Voting Notice, the Disclosure Statement Order, and notice of the confirmation hearing (collectively, the "Solicitation Packages") in accordance with Bankruptcy Rule 3017.  Further, the Debtors provided adequate notice of the Modifications to all parties affected by the Modifications, and the Modifications do not have any materially adverse effect on any Holder of any Claim or Interest.  Based on the foregoing, due, adequate and sufficient notice of the Disclosure Statement, the Amended Plan, the Modifications, the treatment of Claims and Interests under the Plan, the Confirmation Hearing, other matters relevant to confirmation of the Plan, and all deadlines for voting on and filing objections to the Amended Plan, and for filing motions to estimate Claims for voting purposes, has been given in accordance with the Disclosure Statement Order and the Bankruptcy Rules and such notice is adequate and sufficient pursuant to 11 U.S.C. §§ 1127 and 1128, Bankruptcy Rules 2002(b) and 3020, applicable local rules and applicable law, and no other or further notice is or shall be required.  All procedures used to distribute the Solicitation Packages to the applicable holders of Claims entitled to vote on the Amended Plan, and to holders of Claims and Interests not entitled to vote on the Amended Plan, and to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws and regulations.

---

[1] Unless defined herein, capitalized terms shall have the meanings provided in the Plan.

E.  Balloting.  The Debtors filed the Certification of Balloting Agent with Respect to Votes on the Amended Joint Plan of Reorganization (the "Balloting Affidavit"), attesting and certifying the results of the ballot tabulation for classes of Claims entitled to vote on the Plan. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws and regulations.

F.  Objections to the Plan.  Under the Disclosure Statement Order, objections to the Amended Plan were required to be filed by August 26, 2008.  Three objections to the Amended Plan were timely filed.  All but one of those objections were resolved before the Confirmation Hearing, subject to the entry of this Order confirming the Plan.  The remaining objection to the Plan and/or the Amended Plan (Docket #244, the "Icon Objection") filed by Icon Health & Fitness, Inc. and Icon IP, Inc. ("Icon"), is overruled or addressed as set forth below.

G.  Evidence Regarding Feasibility.  The Debtors have presented sufficient evidence to satisfy the feasibility requirement under Bankruptcy Code section 1129(a)(11).

H.  Evidence Regarding Liquidation Analysis.  Mr. Reagan Stewart, the Debtors' Chief Restructuring Officer retained in this case, testified that he prepared a liquidation analysis (the "Liquidation Analysis") of the Debtors, which was attached to the Disclosure Statement and submitted at the Confirmation Hearing.  Mr. Stewart testified, based in part on the Liquidation Analysis, that the Plan provides a substantially greater return to holders of Claims than would a Chapter 7 liquidation.  The Debtors have presented sufficient evidence to satisfy the best interests test under 11 U.S.C. § 1129(a)(7).

I.  Modifications to the Plan.  The Modifications to the Amended Plan do not materially adversely affect the treatment of any Claims or Interests in any Classes under the Plan. Accordingly, pursuant to Bankruptcy Rule 3019, the Amended Plan does not require any additional disclosure under Bankruptcy Code section 1125 or any re-solicitation of votes under Bankruptcy Code section 1126, nor does it require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

J.  Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, in satisfaction of Bankruptcy Code section 1129(a)(1).

1.  Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  In addition to Administrative Claims, Priority Tax Claims, and United States Trustee fees, which need not be classified, the Plan designates seven (7) classes of Claims and Interests with respect to each Debtor.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Interests, and such Classes and the Plan's treatment thereof do not unfairly discriminate between the holders of Claims or Interests.  The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

2.      Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Section 4.01 of the Plan specifies the Classes of Claims that are unimpaired under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(2).

3.      Specify Treatment of Impaired Classes and Interests (11 U.S.C. § 1123(a)(3)).  Section 4.02 of the Plan specifies the Classes of Claims and Interests that are impaired under the Plan and specifies the treatment of the Claims and Interests in those Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

4.      No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment for each Claim or Interest in each respective Class, thereby satisfying Bankruptcy Code section 1123(a)(4).

5.      Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan provides adequate and proper means for its implementation, thereby satisfying Bankruptcy Code section 1123(a)(5).

6.      Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).  The corporate designee of Reorganized Fitness to which assets of the Debtors shall be transferred pursuant to the Plan and this Order shall comply with Bankruptcy Code section 1123(a)(6), including the prohibition of the issuance of non-voting securities.

7.      Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).  The Debtors properly and adequately disclosed the officers and directors of Reorganized Fitness post-Effective Date, consistent with the interests of holders of Claims and with public policy and, accordingly, the Plan satisfies Bankruptcy Code section 1123(a)(7).

8.      Additional Plan Provisions (11 U.S.C. § 1123(b)).  Consistent with Bankruptcy Code section 1123(b), the Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, including provisions for (i) the rejection of executory contracts and unexpired leases; (ii) exculpation of, and releases of claims against, various persons and entities with respect to certain actions taken in connection with the Plan and the Disclosure Statement, and injunctions against certain actions against the Debtor and certain other persons and entities (in each case subject to the express terms of this Order); and (iii) the treatment of rights of holders of Administrative Claims and Priority Tax Claims.

K.      Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2).  Specifically,

1.      The Debtors are proper debtors and the Debtors are proper proponents of the Plan under Bankruptcy Code sections 109 and 1121(a), respectively;

2.      The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

3. The Debtors have complied with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Packages and soliciting and tabulating votes with respect to the Amended Plan.

L. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. The Debtors solicited votes on the Amended Plan in good faith and in compliance with the Disclosure Statement Order and applicable provisions of the Bankruptcy Code, and are entitled to the protection afforded by Bankruptcy Code section 1125(e). All creditors entitled to vote on the Amended Plan were solicited. The time between the solicitation and confirmation was sufficient to comply with the Bankruptcy Code and Rules.

M. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtors and its officers and directors have proposed the Plan in good faith and not by any means forbidden by law. The Plan represents extensive arm's-length negotiation among the Debtors and various creditors and creditor constituencies. Thus, the Plan satisfies Bankruptcy Code section 1129(a)(3).

N. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors for services or costs and expenses in or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

O. <u>Directors and Officers (11 U.S.C. § 1129(a)(5))</u>. The Debtors have complied with Bankruptcy Code section 1129(a)(5). The identity and affiliations of the directors and officers of Reorganized Fitness after the Effective Date have been fully disclosed, and the appointment of such parties in those capacities is consistent with the interests of holders of Claims against the Debtors and with public policy.

P. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. No regulatory commission has any jurisdiction over rates charged by the Debtors, and the Plan does not provide for any rate changes by Reorganized Fitness. Thus, Bankruptcy Code section 1129(a)(6) is not applicable to this case or to the Plan.

Q. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement and the evidence adduced at the Confirmation Hearing are persuasive and credible; are based on reasonable and sound assumptions; and establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, confirmation of the Plan is in the best interests of the Debtors' creditors and Interest holders.

R. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 1 Claims against the Debtors are not impaired under the Plan and the holders of those Claims are conclusively

presumed to have accepted the Plan under Bankruptcy Code section 1126(f).  Class 3 and Class 5 as to each Debtor voted to accept the Amended Plan in accordance with Bankruptcy Code section 1126(c) and are accepting Classes with respect to the Plan.

Class 2 against each Debtor voted against the Amended Plan but the creditor in each Class 2 that cast the only ballots in such Classes announced that it agreed to change its ballots to vote in favor of the Plan.  Thus, Class 2 as to each Debtor is now an accepting Class with respect to the Plan in accordance with Bankruptcy Code section 1126(c).

S.    Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims, Priority Tax Claims and Other Priority Claims pursuant to Article 2 and section 5.01 of the Plan satisfies the requirement of Bankruptcy Code section 1129(a)(9).

T.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  Class 2, Class 3, and Class 5 voted to accept the Amended Plan.  Therefore, at least one Class of Claims that is impaired under the Plan has accepted the Plan, as determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of Bankruptcy Code section 1129(a)(10).

U.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan provides for distributions to creditors in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan.  The Disclosure Statement and the evidence adduced at the Confirmation Hearing is persuasive and credible; is based on reasonable and sound assumptions; and establishes that the Plan is feasible, thus satisfying the requirements of Bankruptcy Code section 1129(a)(11).

V.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees payable under section 1930 of title 28 of the United States Code, as determined by the Court, have been paid or will be paid in accordance with applicable law, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

W.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors have no pension plans or "retiree benefits," as that term is defined in Bankruptcy Code section 1129(a)(13), and thus Bankruptcy Code section 1129(a)(13) is inapplicable.

X.    Satisfaction of Confirmation Requirements and Conditions to Confirmation.  The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.  The conditions to confirmation set forth in section 8.01 of the Plan have been satisfied or will be satisfied by entry of this Order.

Y.    Releases and Injunction.  The release and injunction provisions in sections 8.05 and 8.06 of the Plan (the "Release/Injunction Provisions") are, subject to the terms of this Order, within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a) and (b).  The record of these chapter 11 cases and the evidence presented at the Confirmation Hearing shows, and the Court finds, that JP Acquisition is making a substantial contribution to the reorganization of the Debtors by, *inter alia,* funding all payments to holders of Allowed Claims under the Plan in accordance with and subject to the terms of the Plan and this Order.  The Debtors provided adequate and conspicuous notice of the Release/Injunction Provisions in the Plan and Disclosure

Statement, in accordance with Bankruptcy Rule 3016(c). Further, the Creditors Committee provided a separate and conspicuous notice in the Solicitation Packages that specifically advised all Claimants and Interest holders of the Release/Injunction Provisions. A near-unanimous majority of the holders of Claims affected by such provisions voted to accept the Plan, and no Claimant or Interest Holder objected to such provisions (other than Dallas County, which withdrew its objection, and Icon). The Release/Injunction Provisions are integral elements of the transactions incorporated into the Plan and are important to the overall objectives of the Plan and are consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code. Paragraph 12 of this Order adequately addresses the concerns and objections to the releases contained in the Plan which were raised by Icon.

Z. The Debtors, the Committee and JP Acquisition acted in good faith in the formulation, negotiation and, as applicable, solicitation and confirmation of the Plan.

AA. Icon received adequate notice of, and adequate opportunity to be heard with respect to, the proposed form and content of this Order, including all revisions thereto that were proposed after the conclusion of the Confirmation Hearing. Icon proposed a number of changes to the proposed confirmation order, which are incorporated herein. This court scheduled two hearings on the form of this order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Confirmation</u>. The Plan, including the modifications to the Amended Plan set forth in the Modifications and any other modifications presented to the Court at the Confirmation Hearing, is approved and confirmed under Bankruptcy Code section 1129 in its entirety. Based on the announcements at the Confirmation Hearing, all objections except the Icon Objection were withdrawn. To the extent not otherwise withdrawn, all objections to the Plan or the Amended Plan, including the Icon Objection, are hereby overruled or resolved by this Order. The terms of the Plan are incorporated by reference into and are an integral part of this Order. A copy of the Plan is annexed to this Order as Exhibit A by reference to its filing number on the Court's docket in this case.

2. <u>Plan Classification Controlling</u>. The classifications of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Debtors' creditors

in connection with voting on the Plan were set forth on the Ballots solely for purposes of such voting, do not necessarily represent and in no event shall modify or otherwise affect the actual classification of such Claims under the Plan for any purpose, and shall not be binding on the Debtors or Reorganized Fitness.

3.      <u>Binding Effect</u>.   Pursuant to Bankruptcy Code section 1141, and subject to the terms of this Order, the Plan and its provisions and this Order shall be binding upon and inure to the benefit of (a) the Debtors, (b) Reorganized Fitness, (c) any entity acquiring or receiving property or a distribution under the Plan, (d) any present or future holder of a Claim against or Interest in the Debtors, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan, (e) any other party in interest, (f) any person making an appearance in this case, (g) any entity receiving notice of these Chapter 11 proceedings, and (h) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing.

4.      <u>Transfer and Vesting of Assets (11 U.S.C. §§ 1141(b) and (c))</u>.   Pursuant to section 6.01 of the Plan, on the Effective Date, all property and assets (tangible or intangible) of the Debtors and their Estates except as otherwise expressly provided in section 6.01 of the Plan (the "Transferred Assets") shall be transferred to and vest in Reorganized Fitness with all right, title and interest free and clear of any and all Claims, Liens and encumbrances of any kind or nature whatsoever against the Debtors, Reorganized Fitness or the Transferred Assets, including without limitation, any Claims for patent or trademark infringement or any Claims under any successor liability theory or any other similar theory or remedy arising under state or federal law, except for the Liens of Creditors in Class 2 whose treatment is set forth in the Plan.  Except as provided in the Plan or this Order, Reorganized Fitness shall have no liability, obligation or

responsibility for any Claims by any party, person or entity (including, without limitation, Icon) against the Debtors, their Estates, or the Transferred Assets. Without limiting the generality of the foregoing, except as otherwise provided in the Plan or this Order, Reorganized Fitness shall not be liable for any Claims against the Debtors or their affiliates, and Reorganized Fitness shall not have any successor or vicarious liabilities of any kind or character with respect to the Debtors or any Claims against or liabilities of the Debtors; nor shall Reorganized Fitness be deemed, under any circumstances, to be a successor to any liability of the Debtors or the Transferred Assets. Notwithstanding the foregoing, on the Effective Date, the Debtors shall transfer all Insider Actions to the Committee Designee, which shall be a representative of each Estate pursuant to 11 U.S.C. § 1123(b)(3)(B). The Committee Designee shall have and retain the exclusive right to assert, prosecute, settle, or compromise any Insider Action, at its own cost and without any expense to Reorganized Fitness. The Debtors are authorized to make all transfers contemplated by section 6.01 of the Plan. Further, KFJP, Inc. shall be the designee of JP Acquisition for purposes of the definition of Reorganized Fitness in the Plan.

5.      Assumption, Assignment and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)); Bar Date for Cure Payments and Rejection Damage Claims. Pursuant to Article VII of the Plan, all Executory Contracts to which either Debtor is a party shall be deemed rejected, effective as of the Effective Date or such later date as provided by separate Final Order of the Court, unless such Executory Contract (a) has been assumed or rejected pursuant to a Final Order of this Court, (b) is the subject of a separate motion pursuant to 11 U.S.C. § 365 that the Debtors filed and served on or before the Confirmation Date or (c) was specifically designated as a contract or lease to be assumed in the Notice of Executory

Contracts and Unexpired Leases Intended to be Assumed Pursuant to Amended Joint Plan of Reorganization filed by the Debtors on August 19, 2008 (Docket #230).

a.    All Cure Claims that may require payment under 11 U.S.C. § 365(b)(1) under any Executory Contract that is assumed pursuant to a Final Order of the Bankruptcy Court shall be paid by the Debtor or Reorganized Fitness, as applicable, in accordance with the terms of such order.

b.    As of the Effective Date, any Executory Contract that has been assumed by either of the Debtors pursuant to an order of this Court shall be transferred and assigned by the applicable Debtor to Reorganized Fitness pursuant to 11 U.S.C. § 365(f) and section 6.01 of the Plan.

c.    If the rejection of an Executory Contract results in damages to any other party to such Executory Contract, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtors, Reorganized Fitness or their properties or agents, successors, or assigns, unless a proof of such Claim is filed with this Court and served upon Reorganized Fitness by the earlier of (a) thirty (30) days after the Effective Date or (b) such other deadline as the Court may set for asserting a Claim for such damages.  Any holder of a Claim arising out of the rejection of an Executory Contract that fails to file a proof of such Claim within such time shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors, their Estates, Reorganized Fitness or any of their assets and properties.  Nothing contained herein shall extend the time for filing a proof of Claim for rejection of any Executory Contract rejected before the Confirmation Date.

6.    <u>General Authorizations</u>.  The Debtors, JP Acquisition, and Reorganized Fitness are authorized and empowered to issue, execute, deliver, file or record any agreement or

document to be executed in connection with the Plan, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or take any or all actions authorized to be taken pursuant to the Plan, whether or not specifically referred to in the Plan, without further order of the Court. In connection therewith, any and all documents to be entered into between the Debtors and Reorganized Fitness to effectuate the transfer of assets according to the Plan, including, without limitation, bills of sale, assignment agreements or other documents deemed necessary or appropriate to implement the Plan, are herby authorized and approved.

7. <u>Exemption from Certain Taxes</u>. Pursuant to Bankruptcy Code section 1146(a), any transfers from the Debtors to Reorganized Fitness or any other Person under the Plan or this Order, including, without limitation, the issuance, transfer, or exchange of debt or equity securities under the Plan or the creation of any mortgage, lien, deed of trust or other security interest under the Plan, shall not be subject to any tax under any law imposing a stamp tax or similar tax.

8. <u>Bar Date for Administrative Claims</u>. Pursuant to section 2.01(a) of the Plan, the holder of any Administrative Claim that is incurred, accrued or is in existence prior to the Effective Date (including but not limited to any claim for substantial contribution under Bankruptcy Code section 503(b)), other than (a) a Fee Claim, (b) an Allowed Administrative Claim, (c) a liability in the ordinary course of business, (d) the DIP Loan Claim, or (e) a claim by JP Acquisition for adequate protection under the DIP Loan Order must file with the Court, and serve on all parties required to receive such notice a request for the allowance of such Administrative Claim on or before thirty (30) days after the Effective Date; provided, that the deadline for Bank of America, N.A. ("BofA") to file a request for allowance of an

Administrative Claim arising our of the prepetition Merchant Services Agreement between BofA and Fitness shall be 180 days after the Effective Date. Such notice must include at a minimum (a) the name of the holder of the Claim, (b) the amount of the Claim, and (c) the basis of the Claim. Notwithstanding the foregoing, nothing in the Plan or this Order shall extend the deadline for filing claims arising under 11 U.S.C. § 503(b)(9) pursuant to the Order Approving Motion to Clarify Order Fixing Bar Date for Filing Proofs of Claim Filed Pursuant to 11 U.S.C. § 503(b)(9) (Docket #135), which deadline was June 20, 2008. Failure to timely and properly file a notice required under section 2.01 of the Plan and this Order shall result in the Administrative Claim being forever barred and discharged. An Administrative Claim with respect to which notice has been timely and properly filed pursuant to section 2.01 of the Plan and this Order shall become an Allowed Administrative Claim if no objection is filed and served pursuant to the Bankruptcy Rules on the requesting party and Reorganized Fitness within twenty (20) days after the filing of the applicable request for payment of an Administrative Claim. If an objection is filed within such twenty (20) day period, the Administrative Claim shall become an Allowed Administrative Claim only to the extent Allowed by a Final Order.

       9.   <u>Final Fee Applications</u>. Pursuant to section 2.01(b) of the Plan, each Professional who holds or asserts an Administrative Claim that is a Fee Claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date shall be required to file with the Court, and shall serve on all parties required to receive notice, a Fee Application within thirty (30) days after the Effective Date. Objections to Fee Applications must be filed and served pursuant to the Bankruptcy Rules on Reorganized Fitness and the Professional to whose application the objections are filed within twenty (20) days after the filing of the Fee Application. No hearing may be held until the objection period has expired. Failure to timely

file a Fee Application as required under section 2.01(b) of the Plan and this Order shall result in the Fee Claim being forever barred and discharged. A Fee Claim with respect to which a Fee Application has been timely and properly filed pursuant to section 2.01(b) of the Plan and this Order shall become an Allowed Administrative Claim only to the extent allowed by a Final Order.

10. <u>Release and Injunction</u>. (a) The Debtors and any successors-in-interest of the Debtors shall release, waive and discharge JP Acquisition, its affiliates, officers, directors, employees, agents and advisors from any and all claims, debts, obligations, rights, suits, damages, actions, Estate Actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing at any time on or before the Effective Date or thereafter arising, at law, in equity, or otherwise, that either of the Debtors would have been legally entitled to assert in its own right (whether individually or collectively) or that any holder of a Claim or other Person or entity would have been legally entitled to assert on behalf of any of the Debtors or any of their Estates, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place at any time on or before the Effective Date, except for acts constituting willful misconduct or gross negligence as determined by a Final Order, in any way relating to the Debtors, JP Acquisition, Reorganized Fitness, the Transferred Assets, the Bankruptcy Cases, the Plan, this Order or the Disclosure Statement, in each case that arose at any time up on or before the Effective Date.

(b) As of the Effective Date, to the fullest extent permitted by law, each holder of a Claim against or Interest in either of the Debtors shall, in consideration for the obligations of the Debtors and Reorganized Fitness under the Plan and the Cash, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, be deemed to

have forever released, waived and discharged JP Acquisition, Reorganized Fitness, and their affiliates, officers, directors, employees, agents and advisors (collectively, the "Releasees") from all claims, demands, debts, rights, causes of action or liabilities (other than (a) the right to enforce the Debtors' or Reorganized Fitness' obligations under the Plan, and the contracts, instruments, release, agreements and documents delivered, reinstated or assumed under the Plan, and (b) any claims or causes of action arising out of willful misconduct or gross negligence as determined by a Final Order), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date (including prior to the Petition Date) in any way relating to the Debtors, JP Acquisition, Reorganized Fitness, the Transferred Assets, the Bankruptcy Cases, the Plan, this Order or the Disclosure Statement, in each case that arose at any time on or before the Effective Date.

(c) Except as otherwise provided in the Plan or this Order, from and after the Confirmation Date, all holders of Claims against and Interests in the Debtors or the Transferred Assets, including without limitation, Claims under any successor liability theory or any other similar theory or remedy arising under state or federal law, are permanently restrained, barred and enjoined from taking any of the following actions against the Debtors, the Estates, JP Acquisition, or Reorganized Fitness or any of their property, including the Transferred Assets, on account of any such Claim or Interest: (a) commencing or continuing in any manner any action or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance or Lien of any kind; (d) except to the extent permitted under the Bankruptcy

Code or applicable non-bankruptcy law, asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtors or their assets or any of the Transferred Assets; and (e) performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; provided, however, that each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce their rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan. The foregoing injunction shall extend to Reorganized Fitness, JP Acquisition, their respective affiliates, officers, directors, employees, agents and advisors, and their respective property and interests in property. If allowed by the Bankruptcy Court, any entity injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

Following the Effective Date, no holder of any Claim against or Interest in the Debtor that is released or enjoined under the Plan, the Bankruptcy Code, or this Order shall interfere with Reorganized Fitness' title to or use and enjoyment of the Transferred Assets.

11.    <u>Exculpation</u>.  The exculpation provisions contained in section 8.07 of the Plan are hereby approved.

12.    <u>Provisions Regarding Icon</u>.  (a)  All of Icon's Claims and Administrative Claims against the Debtors, to the extent such Claims and Administrative Claims arise on or before the Effective Date, including, without limitation, any Claims for infringement of patents or trademarks arising from acts or conduct occurring on or before the Effective Date (such as the sale, manufacture, use, or importation, if any, of property on or before the Effective Date), shall be treated in accordance with the terms and provisions of the Plan and shall be paid pursuant to

the Plan solely to the extent Icon's Claims or Administrative Claims constitute Allowed Claims or Allowed Administrative Claims.  Upon the Effective Date, Icon shall be barred and enjoined from taking any action against the Releasees on account of any Claims against or in connection with the Debtors arising on or before the Effective Date, including without limitation, any Claims for infringement of patents or trademarks arising from acts or conduct occurring on or before the Effective Date (including the sale, manufacture, use or importation, if any, of property on or before the Effective Date) and Claims arising under any successor liability theory or any other similar theory or remedy arising under State or federal law.

(b)   Notwithstanding any other language in the Plan or this Order, any claims of Icon against the Releasees or any entity other than the Debtors arising from acts or conduct occurring after the Effective Date, including without limitation claims arising from or related to any patents or trademarks that may be asserted by Icon pursuant to applicable non-bankruptcy law and arising from acts or conduct occurring after the Effective Date (such as the sale, manufacture, use or importation, if any, of property after the Effective Date), are hereby expressly preserved, and all rights and remedies of the Releasees and any other entity in connection therewith are hereby expressly preserved.  The transfer of the Transferred Assets to Reorganized Fitness pursuant to the Plan and this Order alone shall not limit or eliminate the rights of Icon to assert claims against the Releasees or any entity other than the Debtors, including without limitation claims arising from or related to its patents and trademarks, with respect to acts or conduct occurring after the Effective Date (such as the sale, manufacture, use or importation, if any, of property after the Effective Date), and all rights and remedies of the Releasees in connection therewith are hereby expressly preserved.

(c)  Notwithstanding anything to the contrary in section 8.05(b) of the Plan or paragraph 10(b) of this Order, to the extent Icon may have claims against the Releasees which are individual and personal to Icon under applicable law, neither section 8.05(b) the Plan nor paragraph 10(b) of this Order shall operate as a release of such individual and personal claims against the Releasees.

(d)  If any dispute arises under this paragraph 12, including but not limited to disputes over the interpretation or construction of the language and provisions in this paragraph 12, disputes over whether a claim asserted by Icon arose prior to or after the Effective Date or disputes over whether a claim asserted by Icon is personal and individual to Icon under applicable law, this Court shall retain original jurisdiction to adjudicate any such disputes.

13.  Release of Avoidance Actions.  As of the Effective Date, all Avoidance Actions against all Entities (other than Insiders or Affiliates of the Debtors) shall be released.

14.  Payment of Fees.  All U.S. Trustee Fees due and payable by the Debtors as of the Confirmation Date under 28 U.S.C. § 1930 shall be paid in the ordinary course of business as required by applicable law.

15.  Notice of Entry of Order.  On or before the tenth Business Day after the entry of this Order, the Debtor shall serve notice of entry of this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors and interest holders, the United States Trustee and other parties in interest by causing such notice to be delivered to such parties by first class mail, postage prepaid.

16.  Reference to Plan Provisions.  The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

17.     <u>Inconsistency</u>.  In the event of an inconsistency between the Plan and any agreement, instrument or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreement, instrument or document.  In the event of an inconsistency between (a) the Plan or any agreement, instrument or document intended to implement the provisions of the Plan and (b) this Order, the provisions of this Order shall govern.

18.     <u>Binding Effect</u>.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Order, the Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

19.     <u>Monthly Operating Reports</u>.  From and after the Effective Date, the Debtor and Reorganized Fitness shall be relieved of any further obligation to file monthly operating reports with the Court.

20.     <u>Termination of the Creditors Committee</u>.  The Creditors Committee will continue in existence until the Effective Date to exercise those powers and perform those duties specified in section 1103 of the Bankruptcy Code, and will perform such other duties as it may have been assigned by the Bankruptcy Court prior to the Effective Date.  On the Effective Date, the Creditors Committee will be dissolved and its members will be deemed released by the Debtors, their Estates, and Reorganized Fitness from (a) all their duties, responsibilities and obligations in connection with the Bankruptcy Cases, and (b) all claims and causes of action relating to or arising directly or indirectly from services performed.  On the Effective Date, the retention or employment of the Creditors Committee's Professionals and other agents will terminate, except as is necessary to address Fee Applications filed by the Creditors Committee or its Professionals.

Upon the dissolution of the Creditors Committee, no notice to the Creditors Committee that might otherwise be required pursuant to an order of the Bankruptcy Court shall be required.

21.    <u>Provisions Regarding Comerica Bank</u>.  The Proof of Claim filed by Comerica Bank against Keys Fitness Products, LP (claim #7 on the claim register) shall be Allowed in the amount of $25,000 and shall be classified as a Class 5 General Unsecured Claim against Fitness.

22.    <u>Provision Regarding Dallas County</u>.  In the event Reorganized Fitness sells any Collateral securing a Class 2 Allowed Secured Tax Claim of Dallas County outside the ordinary course of business, Reorganized Fitness shall so notify Dallas County in writing no later than ten (10) days before the closing of such sale and shall pay any unpaid portion of Dallas County's Allowed Secured Tax Claim in full within twenty (20) days after the closing of such sale.

23.    <u>Provision Regarding Wells Fargo</u>.  If the Debtors and JP Acquisition waive the condition under section 8.02(c) for the occurrence of the Effective Date (i.e., that Reorganized Fitness shall have entered into an exit financing facility on terms and conditions acceptable to JP Acquisition), then unless Wells Fargo Bank, National Association ("Wells Fargo") and Reorganized Fitness otherwise mutually agree, (a) Reorganized Fitness, immediately prior to the Debtors' transfer of assets to Reorganized Fitness under section 6.01 of the Plan, shall enter into a mutually acceptable Assumption and Ratification Agreement with Wells Fargo pursuant to which Wells Fargo and Reorganized Fitness shall agree, subject to the occurrence of the Effective Date and provided that no Events of Default (as defined in the existing debtor-in-possession facility between Wells Fargo and Keys Fitness Products, LP (the "Loan Facility")) arising under the Loan Facility have occurred or are continuing (unless such defaults have been waived by the parties), to undertake all obligations and liabilities under the Loan Facility (or upon such terms and conditions that Reorganized Fitness and Wells Fargo shall mutually agree),

and (b) Reorganized Fitness shall provide Wells Fargo with such documents and information Wells Fargo requires under applicable law or Wells Fargo policy regarding the principals and ownership of Reorganized Fitness, in form and substance reasonably satisfactory to Wells Fargo.

24.    Retention of Jurisdiction.   The Court shall retain the broadest jurisdiction to the extent provided in Article XI of the Plan and allowed pursuant to applicable law.

25.    Final Judgment.   This is the Court's separate judgment and final order regarding confirmation of the Plan and no further order or judgment will be entered for purposes of confirmation of the Plan pursuant to Fed. R. Bankr. P. 3020(c) and 9021. This judgment and order shall become effective immediately upon entry by this Court notwithstanding the ten-day stay of effectiveness set forth in Fed. R. Bankr. P. 3020(e).   Notwithstanding the foregoing, the occurrence of the Effective Date of the Plan shall be governed by the provisions of section 8.02 of the Plan.

# # # END OF ORDER# # #

# EXHIBIT "A"

## THE AMENDED JOINT PLAN OF REORGANIZATION, AS MODIFIED AS OF SEPTEMBER 11, 2008, WITH EXHIBITS, HAS BEEN FILED SEPARATELY AND MAY BE FOUND AT DOCKET #271 UNDER CASE NO. 08-31790

**Findings of Fact, Conclusions of Law and Order Confirming Amended**
**Joint Plan of Reorganization as Modified –**                    **Page 21 of 21**
45661/x2
45308v.1